UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **CHERYL BREWER SOUTHWORTH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:05-CV-00071-JCH |
| ) | |
| **MISSOURI DEPARTMENT OF** ) | |
| **CORRECTIONS and CORRECTIONAL** ) | |
| **MEDICAL SERVICES,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Cheryl Brewer Southworth (registration no. 88084) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on October 31, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $85.17, and an average monthly account balance of $25.81. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17.03, which is 20 percent of applicant's average monthly balance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff, an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center, seeks nominal damages, and declaratory and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Missouri Department of Corrections and Correctional Medical Services.

Although plaintiff's complaint standing alone lacks specificity, she attaches, as exhibit 2, her "Health Log," setting forth symptoms suffered during October, 2004. Plaintiff complains of severe pain in the head and left eyeball; right hip pain with difficulty urinating; bruising; tremors; clammy, cold sweat; pain in the right abdomen and chest; weakness; "left side dragging"; visual field disturbance; heart arrhythmia; and petechial hemorrhaging. Plaintiff alleges that defendants have failed to diagnose and treat her medical conditions and failed to refer her to appropriate medical healthcare providers. Plaintiff states that she asked for medical help from 2002 through 2005 to no avail.

## Discussion

### A.   Medical claims

To state a claim for medical mistreatment under § 1983, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Moreover, to state a § 1983 claim, a plaintiff must establish that a person, or persons, acting under color of state law committed actions which form the basis of the complaint. *See, e.g., Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986).

The complaint is legally frivolous as to defendant Missouri Department of Corrections. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). In *Will*, the

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Supreme Court reaffirmed "that a State is not a person within the meaning of § 1983." 491 U.S. at 64, 109 S.Ct. at 2308. The Court established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court. 491 U.S. at 63, 109 S.Ct. at 2308; *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000). Therefore, the Court will dismiss plaintiff's complaint as to defendant Missouri Department of Corrections.

Correctional Medical Services, however, may be found liable for plaintiff's injury by its policy, custom or action - or by its abdication of policy-making and oversight responsibilities. *Burke v. North Dakota Dept. of Corrections and Rehabilitation*, 294 F.3d 1043, 1044 (8th Cir. 2002) (*citing Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir.1993) (corporation acting under color of state law is liable under § 1983 for its own unconstitutional policies; proper test is whether there is policy, custom, or action by those who represent official policy that inflicts injury actionable under § 1983)) and *Johnson v. Lockhart,* 941 F.2d 705, 707 (8th Cir.1991) (abdication of policy-making and oversight responsibilities can reach level of deliberate indifference and result in unnecessary and wanton infliction of pain to prisoners).

Based on plaintiff's allegations, it is possible that she could prove facts demonstrating that defendant Correctional Medical Services knew of and deliberately disregarded her need for diagnosis and treatment of the serious medical condition she has alleged. Accordingly, plaintiff's claims regarding the denial of adequate medical care survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. Therefore, the Court will order that defendant Correctional Medical Services respond to plaintiff's complaint.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**B.     Motion for preliminary injunction or temporary restraining order**

Plaintiff moves for a preliminary injunction or temporary restraining order to require defendants to diagnose and treat her ailments or to parole her immediately so that she may obtain medical treatment.

A temporary restraining order is an extraordinary remedy, and the burden is on the moving party to demonstrate that she is entitled to the relief. *Williams Pipe Line Co. v. City of Mounds View, Minn.* 651 F.Supp. 544, 548 (D.Minn.1986). Plaintiff's subjective feelings do not amount to a sufficient basis for the relief that she seeks. While plaintiff maintains that her medical condition is serious and has continued to deteriorate, the only specific factual allegations as to plaintiff's medical needs occurred in October, 2004, and plaintiff did not file the instant complaint until October, 2005. Thus, plaintiff waited approximately a year after the symptoms described in her "Health Log" occurred and approximately three years after the alleged onset of her medical condition before filing the instant complaint and seeking injunctive relief. This lengthy delay does not support a finding of immediate and irreparable harm such that injunctive relief would be appropriate. Plaintiff has failed to meet the burden of demonstrating that she is entitled to injunctive relief; accordingly, the Court will deny plaintiff's motion.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $17.03 within thirty (30) days from the date of this order. Plaintiff is instructed to make her

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** the Clerk shall issue process or cause process to issue upon the complaint as to defendant Correctional Medical Services.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary injunction or temporary restraining order [Doc. 4] be **DENIED**.

An appropriate order shall accompany this order and memorandum.

Dated this 2nd day of November, 2005.

           **/s/ Jean C. Hamilton**
           **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com